**Albert KASNECOVIQ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–2361–ag.**

United States Court of Appeals, Second Circuit.

May 11, 2006.

Sam Gjoni, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney for the Eastern District of Virginia, Virginia Van Valkenburg, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 11th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Albert Kasnecoviq petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo* questions of law regarding " 'what evidence will suffice to carry any asylum applicant's burden of proof.' " *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003)). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ determined that Kasnecoviq testified credibly, but did not make a finding regarding past persecution. Kasnecoviq claimed past persecution based on his Albanian ethnicity, in the form of arrest, detention, and physical abuse. As one of his detentions lasted for a week and resulted in serious physical harm, Kasnecoviq's arrests and beatings may meet the level of severity required to establish past persecution, but it is for the agency to make this determination in the first instance. *Cf. Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir.2005) (remanding for agency to

make a finding regarding imputed political opinion).

■ The IJ also determined that current conditions in the Federal Republic of Yugoslavia indicated that Kasnecoviq could no longer have a well-founded fear of future persecution upon return to Montenegro. When an applicant establishes past persecution, asylum can still be denied as a matter of discretion if there is little possibility of future persecution, in light of current country conditions. 8 C.F.R. § 208.13(b)(1)(i); *see also Islami,* 412 F.3d at 397 (citing *Matter of Chen,* 20 I. & N. Dec. 16, 18, 1989 WL 331860 (BIA 1989)). Kasnecoviq claimed to fear reprisal from the Yugoslav government for evading the draft between 1999 and 2000.

The IJ concluded, based on State Department materials detailing a draft amnesty law, that Kasnecoviq did not have a well-founded fear of future persecution on account of his draft evasion, and that even if the law did not apply to him, any punishment would not be on account of one of the five protected grounds because of changed country conditions. With respect to State Department materials, the record contains only the Country Report on Human Rights Practices for Yugoslavia for 2000, which mentions a proposed, pending bill that would grant amnesty to draft evaders. As the record does not support the IJ's determination regarding draft evaders, and the IJ did not take administrative notice of facts not contained in the record, the conclusion regarding well-founded fear of future persecution based on the amnesty law is faulty. Additionally, while the record supports the IJ's determination that general country conditions have changed, the noted changes do not reflect directly on the conditions of the military, or the treatment of draft evaders. The IJ's conclusion

that changed country conditions negate Kasnecoviq's fear of future persecution in the form of reprisal for evading the draft is therefore not substantially supported by the record.

■ Kasnecoviq has not raised the withholding or CAT issues in his brief, and has therefore waived any challenge to those findings. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.